

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00416-CR

JOSHUA GOLLIDAY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1379815D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Joshua Golliday of sexual assault and assessed his punishment at two years' confinement, recommending that the imposition of the sentence be suspended and that Appellant be placed on community supervision. The trial court sentenced Appellant to two years' confinement,

---

[1]*See* Tex. R. App. P. 47.4.

suspended imposition of his sentence, and placed him on community supervision for seven years.

Appellant brings five points on appeal, complaining of limitations on his right of cross-examination, limitations on his right to offer character evidence, prosecuting counsel's improper comment on his decision not to testify, and the cumulative effect of the errors. Because the trial court reversibly erred in preventing Appellant from presenting his defense by improperly limiting his right to cross-examine witnesses concerning the complainant's ability accurately to understand and to recall the events of the evening, we reverse the trial court's judgment and remand this cause to the trial court.

**Brief Facts**

Appellant's brother and the complainant were both tenants in the Depot Apartments. In the late evening of January 4, 2013, Appellant, his brother, two of their male friends, and the complainant were just outside or in the complainant's apartment. The men and the complainant had just met. Appellant's brother went home first, and then another friend also left. Eventually, the remaining friend left, and Appellant drove the complainant to get some cigarettes. She also decided to pick up a movie from Red Box. When the complainant and Appellant returned to her apartment, she invited him in to watch the movie. They began to make out, and here the stories diverge.

The complainant said that Appellant had sexual intercourse with her without her consent. She called 911 and told the 911 operator that Appellant ran

2

as soon as she called the police. She followed him out of the apartment and chased him while speaking on her phone to the 911 operator. The police responded to the call, and the complainant went to the hospital, where she met with a sexual assault nurse examiner (SANE). A detective interviewed Appellant's brother, and Appellant was eventually arrested and charged with sexually assaulting the complainant.

**Limitation of Cross-Examination of the Complainant and the SANE**

In his first two points, Appellant argues that the trial court's denial of his right to cross-examine the complainant and the SANE was a violation of his rights under the Confrontation and Due Process clauses of the state and federal constitutions. The complainant testified before the jury that she had been drinking that night. Appellant attempted to offer evidence that shortly after the date of the alleged assault, she was treated at Millwood. Outside the presence of the jury, the complainant testified that she knew that both the State and Appellant's counsel had her lengthy records from Millwood. She said that it was possible that she had admitted to the staff at Millwood that she had not accepted that she had been raped. The complainant told Millwood staff that she was "a giant problem to everyone" and that she had had a panic attack and had taken Xanax to cope. She told the SANE that she had herpes and suffered from anxiety. The complainant also told the SANE that she was on medication at the time of the alleged assault. The complainant testified in the voir dire hearing that

3

she is a recovering alcoholic and that she "drink[s] alcohol with everything," including Zoloft.

Appellant's counsel stated,

Judge, we would submit that all of this testimony is relevant and should come before the jury so the jury can get the whole picture of the situation. So we're offering—we'd like to ask these questions in front of the jury.

The prosecutor's objections to hearsay and relevancy and under rule 404 were sustained, and the jury was not allowed to hear any of this evidence. Appellant clarified the trial court's ruling, asking if the trial court was prohibiting the defense from going into any of the matters raised in the offer of proof. The trial court responded, "Correct," and Appellant excepted to the trial court's ruling.

When the SANE testified, Appellant made another offer of proof outside the presence of the jury. The SANE testified in that proffer that the complainant had told her that she took Xanax and Zoloft. The SANE also testified that mixing Xanax with alcohol can cause certain effects, including memory distortion and blackouts, as well as dramatic mood changes. The SANE additionally testified in the proffer that the complainant had told her that she has problems with anxiety and chronic problems with herpes.

Appellant argued that this information is relevant to explaining some of the complainant's behavior at the time of the incident tied directly to her ability to remember parts of the evening specifically but inability to remember other parts. The prosecutor objected that this proffered testimony was irrelevant and a

4

violation of rule 404. The trial court sustained the objection and excluded the proffered testimony.

Rule 103 of the rules of evidence establishes the mode of preserving error in the exclusion of evidence:

> (a) Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>
>> (1) if the ruling *admits evidence*, a party, on the record:
>>
>>> (A) timely objects or moves to strike; and
>>>
>>> (B) states the specific ground, unless it was apparent from the context; or
>>
>> (2) if the ruling *excludes evidence*, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.[2]

When evidence is improperly admitted, objection is required to preserve the complaint.[3] When evidence is improperly excluded, no objection is required, but a proper offer of proof is required.[4] As the *Holmes* court has explained,

> This court has recognized a distinction between the general rule in Rule 103(a)(2) and the case in which the defendant is not permitted to question a State's witness about matters that might affect the witness's credibility.
>
> In the latter case, "the defendant need not show what his cross-examination of the witness would have affirmatively

---

[2]Tex. R. Evid. 103 (emphasis added).

[3]*Id.*

[4]*Id.*; *see, e.g., Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009).

5

established; he must merely establish what general subject matter he desired to examine the witness about during his cross-examination and, if challenged, show on the record why such should be admitted into evidence." In such a case the trial court's ruling has prevented a defendant from questioning a State's witness about subject matters which affect the witness's credibility, that is, matters which might show malice, ill feeling, ill will, bias, prejudice, or animus.[5]

We therefore hold that Appellant's complaints were preserved.[6]

Appellant's defense was that the sexual activity was consensual. The excluded testimony was offered to show the complainant's ability to recall the events and to explain her conduct on the night of the alleged assault.

Appellant argues that the trial court's exclusion of the evidence improperly limited cross-examination that would reveal motive or bias of a witness and that it therefore violated his Sixth Amendment protections, quoting *Hammer v. State*:

> Trials involving sexual assault may raise particular evidentiary and constitutional concerns because the credibility of both the complainant and defendant is a central, often dispositive, issue. Sexual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence. Thus, the Texas Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such "he said, she said" cases. And Texas law, as well as the federal constitution, requires great latitude when the evidence deals with a witness's specific bias, motive, or interest to testify in a particular fashion.

---

[5] *Holmes*, 323 S.W.3d at 168 (footnotes omitted).

[6] *See id.*

But, as the Supreme Court noted in *Davis v. Alaska*, there is an important distinction between an attack on the general credibility of a witness and a more particular attack on credibility that reveals "possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." Thus, under *Davis*, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." However, as Justice Stewart noted in concurrence, the Court neither held nor suggested that the Constitution confers a right to impeach the general credibility of a witness through otherwise prohibited modes of cross-examination. Thus, the *Davis* Court did not hold that a defendant has an absolute constitutional right to impeach the general credibility of a witness in any fashion that he chooses. But the constitution is offended if the state evidentiary rule would prohibit him from cross-examining a witness concerning possible motives, bias, and prejudice to such an extent that he could not present a vital defensive theory.[7]

And in *Carroll v. State*, the Texas Court of Criminal Appeals stated:

The Constitutional right of confrontation is violated when appropriate cross-examination is limited. The scope of appropriate cross-examination is necessarily broad. A defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias or interest for the witness to testify. When discussing the breadth of that scope we have held,

. . . [.] Evidence to show bias or interest of a witness in a cause covers *a wide range and the field of external circumstances from which probable bias or interest may be inferred is infinite. The rule encompasses all facts and circumstances, which when tested by human experience, tend to show that a witness may shade his testimony* for the purpose of helping to establish one side of the cause only.[8]

---

[7]296 S.W.3d 555, 561–63 (Tex. Crim. App. 2009) (footnotes and citations omitted) (quoting *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110 (1974)).

[8]916 S.W.2d 494, 497–98 (Tex. Crim. App. 1996) (citations omitted).

7

As Appellant points out, these words of the Texas Court of Criminal Appeals are applicable in this situation, where the trial court sustained the prosecutor's objections and limited Appellant's right to cross-examination.

Appellant, citing the discussion of the issue in *Virts v. State*,[9] argues that this rule also applies to the ability to cross-examine a witness regarding a mental state that might affect the witness's ability accurately to perceive, to recall, and to recount the events to which the witness is called to testify:

> [T]his Court has often stated and discussed the fact that one of the greatest constitutional rights that an accused person might have is the right to confront and cross-examine the State's witnesses . . . .
>
> . . . [W]e believe that it is still necessary to point out, for emphasis purposes, that the right of cross-examination by the accused of a testifying State's witness includes the right to impeach the witness with relevant evidence that might reflect bias, interest, prejudice, inconsistent statements, traits of character affecting credibility, or evidence that might go to any impairment or disability affecting the witness's credibility.[10]

More recently, the Texas Court of Criminal Appeals has addressed the right of a person charged with a criminal offense to cross-examine his accuser on issues that would aid the jury in assessing the accuser's credibility. In *Johnson v. State*, the Court reminded us that a defendant has a constitutional

---

[9]739 S.W.2d 25 (Tex. Crim. App. 1987).

[10]*Id.* at 29.

8

right to present his defense to the jury so that the jury may weigh his evidence along with the rest of the evidence presented.[11]

In the case now before this court, the issue of sexual intercourse was uncontested. The only contested issue was consent. This case was a swearing match between Appellant and the complainant, a traditional "he said, she said" case. The complainant could remember some of the events of the evening but not all, she had a history of erratic behavior, and she admitted that she had ingested Xanax, Zoloft, and alcohol on the night in question. She also had a history of inpatient treatment at Millwood, a hospital for treatment of addiction and mental health problems. All of this evidence was provided to the SANE as part of the complainant's medical diagnosis and treatment, but Appellant was not allowed to go into these issues before the jury. He was not allowed to present his defense. We therefore hold that the trial court erred by excluding the proffered evidence and thereby violating Appellant's constitutional right to present a defense.[12]

Under Texas Rule of Appellate Procedure 44.2(a), if the appellate record reveals a constitutional error, we must reverse a judgment of conviction unless

---

[11]490 S.W.3d 895, 910, 914–15 (Tex. Crim. App. 2016).

[12]*See Holmes*, 323 S.W.3d at 173.

9

we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment.[13]

When the trial court sustained the prosecution's objections to Appellant's attempts to offer evidence to challenge the complainant's ability to remember the events of the evening, her ability to accurately perceive the events, and her erratic behavior that might have affected his perception of consent or lack of consent; his attempts to offer medical reasons to explain the complainant's physical and emotional condition that evening; and, indeed, his attempts to offer his entire defense, the trial court effectively deprived Appellant of his constitutional rights to due process, to confront his accusers, and to offer a defense. We hold that the trial court reversibly erred by preventing Appellant from presenting this evidence to the jury. We sustain Appellant's first two points. Because our resolution of these two points is dispositive, we do not reach Appellant's remaining three points.[14]

Having sustained Appellant's first two points, which are dispositive, we reverse the judgment of the trial court and remand this case to the trial court for proceedings consistent with this opinion.

---

[13]*Id.* at 173–74.

[14]*See* Tex. R. App. P. 47.1.

                                                    /s/ Lee Ann Dauphinot
                                                    LEE ANN DAUPHINOT
                                                    JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., dissents without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 13, 2016